Per Curiam.
Respondent was admitted to practice by the Appellate Division, Fourth Department in 1986. He maintained an office for the practice of law in the City of Utica, Oneida County.
By petitions filed in August 2008 and May 2009, petitioner charged respondent with multiple counts of professional misconduct in violation of various provisions of the former Code of Professional Responsibility.* Respondent’s answers denied material allegations of the petitions and the matters were referred for separate hearings by the Appellate Division, Fourth Department. The hearings were held in 2009 and the Referees’ reports sustained the charges of the earlier petition in part and the charges of the later petition in full. Petitioner moves to confirm both reports. Respondent cross-moves to set aside both reports, to dismiss the petitions, and for other related relief.
On February 5, 2010, the Appellate Division, Fourth Department suspended respondent from the practice of law for willful violation of an order of support issued by the Supreme Court of Oneida County on October 1, 2009 (see Judiciary Law § 90 [2-a]), which suspension continues until further order of the Fourth Department. By order dated April 28, 2010, the Fourth Department transferred the instant disciplinary matters to this Court for disposition.
Based on the findings of the Referees and our review of the record, and having heard respondent at oral argument, we find respondent guilty of the following professional misconduct with respect to his representation of five clients and in his responses to petitioner.
Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation with respect to five clients (Brown, Tanoury, Pritchard, Greany and Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]); engaged in conduct prejudicial to the administration of justice with respect to one client (Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]); failed to take steps to the extent reasonably practicable to avoid forseeable prejudice to the rights of a client (Brown) in violation of former Code of Professional Responsibility DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]); entered into a business transaction with a client (Greany) and failed to disclose the terms of the agreement *1138 in writing, failed to advise the client to seek independent counsel regarding the business transaction, and failed to obtain the client’s consent in writing, after full disclosure, to the terms of the transaction and to respondent’s inherent conflict of interest in the transaction in violation of former Code of Professional Responsibility DR 5-104 (a) (1), (2) and (3) (22 NYCRR 1200.23 [a] [1], [2], [3]); neglected the legal matters of three clients (Pritchard, Greany and Kennedy) in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]); knowingly made a misleading statement of fact to a client (Brown) in violation of former Code of Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]); and engaged in conduct which reflects adversely upon his fitness as a lawyer with respect to five clients (Brown, Tanoury, Pritchard, Greany and Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
Respondent has engaged in multiple instances of professional misconduct over a period of years. The record before us also raises concerns about respondent’s continuing ability to discharge his professional obligations. Under all of the circumstances presented, and despite his previously unblemished disciplinary record, we conclude that respondent should be suspended from the practice of law for a period of one year.
Mercure, J.P, Rose, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that respondent’s cross motions are denied in their entirety; and it is further ordered that petitioner’s motions to confirm the Referees’ reports are granted; and it is further ordered that respondent is found guilty of professional misconduct as set forth in this decision; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).

 The charged misconduct predated the adoption of the Rules of Professional Conduct on April 1, 2009.